1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8

NICOLETTE S.,

9

Plaintiff,

CASE NO. 3:19-CV-5872-DWC

10

v.

11

COMMISSIONER OF SOCIAL
SECURITY,

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12
13

Defendant.

14

     Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

15

Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and

16

disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

17

Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard

18

by the undersigned Magistrate Judge. *See* Dkt. 2.

19

     After considering the record, the Court concludes the Administrative Law Judge

20

("ALJ") erred when she improperly evaluated the opinions of Drs. Vandana Khurma and

21

Brigitte Engelhardt. As the ALJ's error is not harmless this matter is reversed and remanded

22

pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security

23

Administration ("Commissioner") for further proceedings consistent with this Order.

24

1

<u>FACTUAL AND PROCEDURAL HISTORY</u>

2

On June 30, 2016, Plaintiff filed applications for SSI and DIB, alleging disability as

3

of July 1, 2014. *See* Dkt. 8, Administrative Record ("AR") 13. The application was denied

4

upon initial administrative review and on reconsideration. *See* AR 13. A hearing was held

5

before ALJ Jo Hoenninger on August 8, 2018. *See* AR 13. In a decision dated October 15,

6

2018, the ALJ determined Plaintiff to be not disabled. *See* AR 25. Plaintiff's request for

7

review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision

8

the final decision of the Commissioner. *See* AR 13; 20 C.F.R. § 404.981, § 416.1481.

9

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating

10

the medical opinion evidence; (2) evaluating Plaintiff's testimony; (3) finding Plaintiff could

11

perform past relevant work at Step Four; and (4) showing there are jobs in the national

12

economy that Plaintiff can perform at Step Five. Dkt. 10.

13

<u>STANDARD OF REVIEW</u>

14

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

15

social security benefits if the ALJ's findings are based on legal error or not supported by

16

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1

17

(9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

18

<u>DISCUSSION</u>

19

**I.      Whether the ALJ properly considered the medical opinion evidence.**

20

Plaintiff asserts the ALJ erred by improperly evaluating the medical opinions of Drs.

21

Khurma and Engelhardt. Dkt. 10, pp. 4-11.

22

In assessing an acceptable medical source, an ALJ must provide "clear and

23

convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. Dr. Khurma

Dr. Khurma, Plaintiff's treating rheumatologist, completed a medical source statement regarding Plaintiff's inflammatory polyarthritis in check-the-box form. AR 609-615. Dr. Khurma found Plaintiff would be capable of using her hands, fingers, and arms each for 25% of an 8-hour work day and would be absent for four days per month. AR 613. Dr. Khurma opined Plaintiff could sit thirty minutes at a time for up to four hours in an 8-hour day and stand/walk thirty minutes at a time for up to four hours in an 8-hour work day but would need to shift positions at will.[1] AR 611-612.

The ALJ provided significant weight to Dr. Khurma's opinion regarding Plaintiff's ability to sit, stand, and walk, but discounted Dr. Khurma's opinion regarding Plaintiff's ability to use her hands, fingers, and arms, and that Plaintiff would be absent from work for four days per month. *See* AR 21-22.

---

[1] Although Dr. Khurma opined to further limitations, Plaintiff's argument focuses on Dr. Khurma's opinions that Plaintiff would be capable of using her arms and hands for 25% of an 8-hour workday and would miss four days of work per month due to her limitations. *See* Dkt. 10, p. 4.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

1        *1. Manipulative limitations*

2        The ALJ discounted Dr. Khurma's opinion regarding Plaintiff's ability to use her

3 hands, fingers, and arms ("manipulative limitations") for three reasons: (1) Dr. Khurma did

4 not explain the basis for her opinion; (2) it is unsupported by the medical record; and (3) it is

5 inconsistent with Plaintiff's activities of daily living. AR 21-22.

6        First, the ALJ discounted Dr. Khurma's opinion regarding Plaintiff's manipulative

7 limitations because she did not explain the basis for the opinion. AR 21. An ALJ may

8 "permissibly reject" a physician's reports "that [do] not contain any explanation of the bases

9 of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-1112 (9th Cir. 2012) (internal

10 quotation marks omitted) (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996)).

11 However, a treating physician's check-the-box form cannot be rejected if the opinion is

12 supported by treatment notes. *Esparze v. Colvin*, 631 Fed. App'x 460, 462 (9th Cir. 2015). In

13 this case, Dr. Khurma's treatment records contain evidence that support her opinion. For

14 example, Plaintiff frequently exhibited tenderness or painful range of motion in her hands,

15 fingers, shoulders, or wrists, and often exhibited tenderness in the PIP and MCP joints in her

16 hands. *See* AR 387, 390, 394, 408, 415, 428, 765, 785, 795. Plaintiff's bilateral squeeze also

17 tested positive on two occasions. *See* AR 415, 765. Dr. Khurma noted Plaintiff had "joint

18 pain and stiffness" in addition to "fatigue" and "can get achy pain in knees, ankles, *hands*,

19 feet, *shoulders*, *elbows*, [and] hips." AR 609 (emphasis added). Thus, the treatment notes

20 support Dr. Khurma's opinion and show Dr. Khurma did provide a basis for her opinion

21 regarding Plaintiff's manipulative limitations. Therefore, the ALJ's first reason for

22 discounting the opinion is not specific and legitimate and supported by substantial evidence.

23

24

1    Second, the ALJ discounted Dr. Khurma's opinion regarding Plaintiff's manipulative

2    limitations because it is unsupported by the medical record. AR 21. The ALJ supports this

3    conclusion with three assertions. The ALJ's first assertion is that Plaintiff is not compliant

4    with medication that is helpful in treating her arthritis. *See* AR 21 (when Plaintiff is

5    "compliant with medications" she "generally has full range of motion through her joints with

6    some stiffness in the morning lasting from ½ hour to 1 hour"). An ALJ "must not draw any

7    inferences about an individual's symptoms and their functional effects from a failure to seek

8    or pursue regular medical treatment without first considering any explanations that the

9    individual may provide, or other information in the case record, that may explain infrequent

10   or irregular medical visits or failure to seek medical treatment." Social Security Ruling

11   ("SSR") 96-7, 1996 SSR LEXIS 4, at *22; *see also Regennitter v. Comm'r SSA*, 166 F.3d

12   1294, 1296 (9th Cir. 1999). Here, Plaintiff told Dr. Khurma her medication was making her

13   nauseous, which caused her to miss several of her classes. AR 427. When Dr. Khurma

14   reduced the dosage, Plaintiff reported the pain increased in her joints. AR 407. When put on

15   a new medication, Plaintiff experienced gastrointestinal problems. AR 393. The ALJ did not

16   consider Plaintiff's problems with her medications in discounting Dr. Khurma's opinion.

17   Next, the ALJ asserted Dr. Khurma's opinion is unsupported by the medical record by

18   noting Plaintiff's "[t]reatment records reflect minimal findings on exam." AR 21. The ALJ

19   found that Plaintiff's joint tenderness and pain with range of motion insufficiently supported

20   Dr. Khurma's opinion, and noted Plaintiff never demonstrated any synovitis. AR 21. When

21   rejecting a physician's opinion, "[t]he ALJ must do more than offer [her] conclusions. [She]

22   must set forth [her] own interpretations and explain why they, rather than the doctors', are

23   correct." *Embrey*, 849 F.2d at 421-422 (internal footnote omitted). Here, the ALJ failed to

24

explain how Plaintiff's joint tenderness, pain with range of motion, and lack of synovitis or

other findings did not support Dr. Khurma's opined manipulative limitations. *See* AR 21.

Further, the ALJ failed to explain how findings of joint tenderness and pain with range of

motion are "minimal findings."

Finally, the ALJ asserted that Dr. Khurma's opinion is unsupported by the record

because Dr. Khurma's only finding has been tenderness. AR 21. The ALJ further reasoned

that "[i]t appears the limitations to handling, reaching and fingering only 25% of the day is

describing limitations for the very worst times, not when compliant with medications." AR

21. The ALJ failed to explain how findings of tenderness are insufficient to support the

manipulative limitations Dr. Khurma assessed. Further, the ALJ merely speculates that the

manipulative limitations Dr. Khurma assessed describe Plaintiff's "very worst times" as the

ALJ provides no basis to support this conclusion. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22

(an ALJ may not speculate). Accordingly, the ALJ's second reason for discounting Dr.

Khurma's opinion regarding Plaintiff's manipulative limitations is not specific and legitimate

and supported by substantial evidence.

The ALJ's third reason for discounting Dr. Khurma's opinion regarding Plaintiff's

manipulative limitations was because it is inconsistent with Plaintiff's ability to attend

classes and work part-time. AR 21. Plaintiff's ability to attend classes and work part-time

does not necessarily show she could "perform an eight-hour workday, five days per week, or

an equivalent work schedule." *See* SSR 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ

failed to explain how Plaintiff's ability to attend classes and work part-time shows she could

sustain a full-time work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed.

Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("[g]enerally, in order to be eligible for

disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week"). In addition, a disability claimant "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Accordingly, the ALJ's third reason for discounting Dr. Khurma's opinion is not specific and legitimate and supported by substantial evidence.

### 2. *Absenteeism*

The ALJ discounted Dr. Khurma's opinion that Plaintiff would miss four days of work per month ("absenteeism") for two reasons: (1) because it is unsupported by the record when Plaintiff is compliant with her medications; and (2) because Dr. Khurma indicated Plaintiff's prognosis was "stable" and "good." AR 21-22.

First, the ALJ discounted Dr. Khurma's opinion regarding Plaintiff's absenteeism because it is unsupported by the record "when [Plaintiff] is compliant with medications." AR 21-22. The ALJ supported her conclusion by stating that "[t]he medical record shows a few times when the claimant has needed to miss classes, but this is only intermittently." AR 22. Just because Plaintiff only missed class intermittently does not necessarily show she could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* SSR 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to explain how the fact that Plaintiff only misses classes intermittently shows she could sustain a full-time work schedule. *See Mulanax*, 293 Fed. Appx. at 523. Thus, the ALJ's first reason for discounting Dr. Khurma's opinion regarding Plaintiff's absenteeism is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Khurma's opinion regarding Plaintiff's absenteeism by referencing Dr. Khurma's statement that Plaintiff's prognosis was "stable" and "good."

1   AR 22. When discounting a medical opinion, an ALJ must "build an accurate and logical

2   bridge from the evidence to her conclusions" so that the Court "may afford the claimant

3   meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569

4   (7th Cir. 2003). Here, the ALJ failed to explain how Dr. Khurma's opinion that Plaintiff

5   would miss four days of work per month is inconsistent with Dr. Khurma's finding that

6   Plaintiff's prognosis is "stable" and "good." *See* AR 21. Symptoms can be controlled or

7   stable and at the same time be disabling. *See Garrison v. Colvin*, 759 F.3d 995, 1017 n.23

8   (9th Cir. 2014) (quoting *Scott v. Astrue*, 647 F.3d 734, 739-740 (7th Cir. 2011) ("'There can

9   be a great distance between a patient who responds to treatment and one who is able to enter

10  the workforce…'"). Indeed, even with a prognosis of being "good" and "stable", Plaintiff

11  continued to experience significantly limiting symptoms and abnormal exam findings. *See*

12  AR 387, 390, 394, 408, 415, 428, 609, 765, 785, 795. Accordingly, the ALJ's second reason

13  for discounting Dr. Khurma's opinion is not specific and legitimate and supported by

14  substantial evidence.

15      For the above stated reasons, the Court finds the ALJ failed to provide specific and

16  legitimate reasons supported by substantial evidence for discounting Dr. Khurma's opinion

17  that Plaintiff would be capable of using her hands, fingers, and arms each for 25% of an 8-

18  hour work day and that Plaintiff would miss four days of work per month. Accordingly, the

19  ALJ erred.

20      "[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d

21  at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or

22  "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

23  *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

24

1  F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

2  application of judgment" by the reviewing court, based on an examination of the record made

3  "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674

4  F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

5        Had the ALJ given great weight to Dr. Khurma's opinions regarding Plaintiff's

6  manipulative limitations and absenteeism, the ALJ may have included additional limitations

7  in the residual functional capacity ("RFC"). Dr. Khurma found Plaintiff would be capable of

8  using her hands, fingers, and arms each for 25% of an 8-hour work day and would be absent

9  for four days per month. AR 613. In contrast, in the RFC, the ALJ limited Plaintiff to

10  frequently handling and fingering bilaterally and did not include any information regarding

11  absenteeism. *See* AR 18. Therefore, if Dr. Khurma's opinion was given great weight and

12  additional limitations were included in the RFC and in the hypothetical questions posed to

13  the vocational expert ("VE"), the ultimate disability determination may have changed.

14  Accordingly, the ALJ's errors are not harmless and require reversal. The ALJ is directed to

15  reassess Dr. Khurma's opinions that Plaintiff is limited to using her hands, fingers, and arms

16  each for 25% of an 8-hour work day and would miss four days of work per month on remand.

17        B.  Dr. Engelhardt

18        Dr. Engelhardt conducted a consultative examination of Plaintiff in January 2017. AR

19  582-586. She interviewed Plaintiff, reviewed her history, and conducted a physical

20  examination. AR 582-586. Dr. Engelhardt opined to several functional limitations due to

21  Plaintiff's inflammatory polyarthritis, including that Plaintiff is limited to occasional

22  handling, fingering, and feeling. AR 586. The ALJ discounted Dr. Engelhardt's opinion for

23  two reasons:

24

(1) The manipulative limitations described are not supported by the findings on exam. She exhibited normal coordination and full range of motion of the shoulder, elbow, wrist, finger and thumb joints. (2) Grip strength was mildly decreased but there was poor effort.

AR 22 (numbering added).

First, the ALJ discounted Dr. Engelhardt's opinion as being unsupported by Dr. Engelhardt's findings on exam. AR 22. "A physician's opinion can be discredited based on contradictions between the opinion and the physician's own notes." *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). However, an ALJ is not permitted to selectively rely on certain observations in the opinion that support her conclusion without considering their context. *Reddick*, 157 F.3d 715 at 722-723. Here, the ALJ noted Plaintiff had full range of motion of the shoulder, elbow, wrist, finger, and thumb joints. AR 22, citing AR 585-586. But the ALJ failed to acknowledge Plaintiff also demonstrated tenderness in the MCP joints of her fingers and thumbs bilaterally and had mild swelling in the MCP joints in her right second and third fingers and left fifth finger. AR 585-586. Thus, the ALJ has inappropriately relied on certain observations made by Dr. Engelhardt and ignored others. Accordingly, the ALJ's first reason for discounting Dr. Engelhardt's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Engelhardt's opinion because Dr. Engelhardt noted Plaintiff had "poor effort" on exam. AR 22. The ALJ correctly notes Dr. Engelhardt opined to mildly decreased bilateral grip strength with poor effort. *See* AR 22, citing AR 586. But the ALJ failed to acknowledge that Dr. Engelhardt opined Plaintiff can "occasionally handle, finger and feel with both hands due to inflammatory polyarthritis" even after noting poor effort on exam. *See* AR 585-586. Thus, the ALJ has again selectively relied on certain aspects of Dr. Engelhardt's opinion while ignoring others. Accordingly, the ALJ's second

1    reason for discounting Dr. Engelhardt's opinion is not specific and legitimate and supported

2    by substantial evidence.

3         For the above stated reasons, the Court finds the ALJ failed to provide specific and

4    legitimate reasons supported by substantial evidence for discounting Dr. Engelhardt's

5    opinion that Plaintiff is limited to occasional handling, fingering, and feeling. The Court

6    directs the ALJ to reassess this opinion on remand.

7         **II.    Whether the ALJ properly evaluated Plaintiff's testimony.**

8         Plaintiff asserts the ALJ failed to provide clear and convincing reasons for rejecting

9    Plaintiff's testimony. Dkt. 10, pp. 11-14. The Court concludes the ALJ committed harmful

10   error in assessing the opinions of Drs. Khurma and Engelhardt and must re-evaluate them on

11   remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new

12   testimony on remand and because the ALJ's reconsideration of the medical evidence may

13   impact her assessment of Plaintiff's testimony, the ALJ must reconsider Plaintiff's testimony

14   on remand.

15        **III.   Whether the ALJ erred at Step Four and Step Five.**

16        Plaintiff argues the ALJ erred in finding that Plaintiff could perform past relevant

17   work at Step Four. Dkt. 10, pp. 14-15. Moreover, Plaintiff asserts the ALJ failed to meet her

18   burden at Step Five to show there are jobs in the national economy that Plaintiff can perform.

19   *Id*. at 15-17. The Court found the ALJ committed harmful error by failing to properly assess

20   the opinions of Drs. Khurma and Engelhardt. *See* Section I, *supra*. Accordingly, the ALJ

21   must reassess Plaintiff's RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC

22   "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc.*

23   *Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 11

1  claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC, she must also

2  re-evaluate the findings at Step Four and, if necessary, Step Five, in light of the RFC. *See*

3  *Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and

4  hypothetical questions posed to the VE defective when the ALJ did not properly consider

5  two physicians' findings).

6  <u>CONCLUSION</u>

7  Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

8  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed

9  and this matter is remanded for further administrative proceedings in accordance with the

10  findings contained herein.

11  Dated this 30th day of June, 2020.

12

13

14  David W. Christel
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 12